IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**DAVID ADAMS**                                                                                   **PLAINTIFF**

**V.**                                            **CIVIL ACTION NO. 3:20-CV-45-DAS**

**COMMISSIONER OF SOCIAL SECURITY**                                      **DEFENDANT**

**FINAL JUDGMENT**

Plaintiff David Adams filed suit under 42 U.S.C. § 405(g) for judicial review of the unfavorable decision of the Commissioner of Social Security regarding an application for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income. Docket 1. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provision of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 10. The Court, having considered the record, the administrative transcript, the briefs of the parties, the applicable law, and the parties' oral arguments on February 24, 2021, finds that the Commissioner's decision is supported by substantial evidence.

The plaintiff raises three issues on appeal: 1) whether the ALJ erred in relying on the DDS physicians' opinions because they had not reviewed evidence material to the plaintiff's claim; 2) whether the ALJ failed to develop the record by declining to order physical and mental consultative examinations; and 3) whether the ALJ failed to incorporate the plaintiff's need to be off task or away from his workstation in the RFC.

1. **DDS physicians' opinions**

The plaintiff argues that the ALJ erred in finding State Agency physician Dr. William Hand's opinion persuasive because Dr. Hand did not have the benefit of material evidence when he formulated his opinion. The ALJ found Dr. Hand's determination that the plaintiff could

perform basic work activities at the light exertional level was consistent with the evidence yet noted that "additional limitations in the claimant's postural activities" were warranted because of the plaintiff's "straight leg raising test and symptoms related to transient ischemic attacks and carotid artery occlusion." In his RFC finding, the ALJ limited the plaintiff to light work "except that he requires convenient restroom access, defined as a restroom located on the work premises and within reasonable access" and further limited the plaintiff to "simple work and no fast paced work, such as production work."

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and whether the correct legal standards were applied. 42 U.S.C. § 405 (g.); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990); *Ripley v. Chater*, 67 F.3d 552, 553(5th Cir. 1995). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The ALJ is solely "responsible for determining an applicant's residual functional capacity." *Ripley,* 67 F.3d at 557 (citing 20 C.F.R. § 404.1546). It is not a medical opinion, but an administrative decision, and the ALJ has considerable discretion in considering not just the medical evidence in the record, but other evidence. *Perez v. Secretary of Health and Human Services*, 958 F.2d 445, 446 (1st Cir. 1991) (citations omitted).

Here, substantial evidence exists in the record to support the ALJ's RFC finding. Even though Dr. Hand did not have all the medical evidence of record available to him when he formulated his opinion, the ALJ did not err in finding his opinion persuasive because it is

consistent with and supported by the record. As noted by the Commissioner during oral argument, the record contains over 500 pages of medical records from Baptist Memorial Hospital supporting the ALJ's RFC finding, specifically including records documenting normal range of motion and normal musculoskeletal findings. The ALJ properly considered the post-DDS opinion evidence contained in the record and found it consistent with the earlier administrative findings, and further imposed additional limitations in the RFC beyond what the DDS physicians opined. If the Commissioner's decision is supported by the evidence, as it is here, then it is conclusive and must be upheld. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994).

2. **Consultative Examinations**

The plaintiff contends the ALJ failed to develop the record when he declined to order physical and mental consultative examinations. Under 20 C.F.R. 404.1519a(b), the Commissioner has the discretion to order a consultative examination "to try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow us to make a determination or decision on your claim." The Commissioner's discretion is limited where a claimant "raises the requisite suspicion" that such an examination is necessary to discharge the ALJ's duty of full inquiry. *Haywood v. Sullivan*, 888 F.2d 1463, 1472 (5th Cir. 1989).

As discussed regarding the first issue, substantial evidence exists in the record to support the ALJ's RFC finding with respect to the plaintiff's physical limitations. Because substantial evidence supports the RFC, it follows that the ALJ did not abuse his discretion in declining to order a physical consultative examination as it relates to the plaintiff's physical impairments.

As for a psychological consultative examination, the plaintiff has not raised the requisite suspicion that such an examination was necessary to discharge the ALJ's duty of full inquiry.

State Agency psychological consultant Dr. Bryman Williams' opined that the plaintiff's mental impairments were not severe and that he had no more than minimal impairment in his ability to function in the work environment. The ALJ found Dr. Williams' opinion not persuasive citing evidence that the plaintiff's mental impairments significantly limited his ability to function. Because the ALJ discounted Dr. Williams' opinion, the plaintiff argues that there is no evidence by an examining physician to account for the plaintiff's mental health impairments and restrictions.

However, Dr. Subbulaxmi Rayudu's treatment records—discussed thoroughly in the ALJ's decision—provide substantial evidence to support the RFC. Dr. Subbulaxmi Rayudu observed psychomotor retardation yet found that the plaintiff's speech was logical, abrupt, subdued and slowed, and that his affect was only mildly restricted. Dr. Rayudu's records further document that the plaintiff was cooperative, had clear speech, goal directed thought process, normal thoughts and perception, fair insight and judgment, fair concentration, attention, and memory, and adequate fund of knowledge.

While the ALJ found that Dr. Williams' opinion was not persuasive, considering Dr. Rayudu's treatment records, the ALJ found the plaintiff's mental impairments to be severe and limited him to simple work and no fast-paced work in the RFC. Dr. Rayudu's treatment records provide substantial evidence to support the ALJ's RFC finding with respect to the plaintiff's mental limitations; therefore, the ALJ did not err in failing to develop the record.

3. **Time Off Task or Away from Workstation**

Finally, the plaintiff argues that despite limiting him to convenient restroom access due to his complaints of urinary and bowel incontinence, the ALJ failed to incorporate the plaintiff's need to be off task or away from his workstation in the RFC. The Commissioner responds that

the ALJ considered the plaintiff's subjective complaints despite the lack of medical evidence supporting any associated functional limitation and gave the plaintiff the benefit of the doubt by limiting him to work with "convenient restroom access, defined as a restroom located on the work premises and within reasonable access."

The objective medical evidence supports the ALJ's determination that the plaintiff's hypertensive urgency was non-severe and the court finds no error in failing to include a limitation for time off task or away from the workstation. As noted by the Commissioner, the ALJ credited the plaintiff's subjective complaints in the absence of objective medical evidence establishing a severe impairment and included the limitation for convenient restroom access in the RFC. However, the record evidence does not support an additional limitation for time off task or away from the workstation.

Accordingly, the Court finds there is no reversible error, and the Commissioner's decision is supported by substantial evidence in the record. Therefore, the decision of the Commissioner is hereby **AFFIRMED**.

**SO ORDERED**, this the 5th day of March, 2021.

                                                   /s/ David A. Sanders
                                                   **UNITED STATES MAGISTRATE JUDGE**